UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80978-CIV-RYSKAMP/VITUNAC

TERESA GAIL THIELMEYER, on her own
behalf and others similarly situated,

    Plaintiff,

v.

STANGER HEALTH CARE CENTERS, INC.
and JEFFREY STANGER, individually,

    Defendants.
_____/

**ORDER DENYING MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT**

THIS CAUSE comes before the Court pursuant to Defendants' Motion to Dismiss, or, in the Alternative, Motion for More Definite Statement, filed November 13, 2006 **[DE 10]**. Plaintiff responded on November 24, 2006 **[DE 11]**. Defendants did not reply. This motion is ripe for adjudication.

Plaintiff brings this action for alleged unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Defendants moved to dismiss, or, in the alternative, for a more definite statement, on the grounds that the Complaint does not set forth the amount of the alleged overtime wages, the specific weekly time periods that would require overtime wage pay, and the means by which Plaintiff calculated the amount of such overtime wages. The Complaint specifically alleges that Defendants were engaged in interstate commerce and failed to pay Plaintiff and those similarly situated to her for the hours worked in excess of 40 hours per week. Plaintiff has thus stated claim under the FLSA. See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 130 (5th Cir. 1959) (allegations that employer was engaged in

2

interstate commerce and failed to pay its employees statutorily mandated overtime wages are sufficient to state a claim under the FLSA).[1]  Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, filed November 13, 2006 **[DE 10]**, is DENIED.

DONE AND ORDERED at Chambers in West Palm Beach, Florida this 30th day of January, 2007.

Copies provided:  
all parties and counsel of record

Kenneth L. Ryskamp  
KENNETH L. RYSKAMP  
UNITED STATES DISTRICT JUDGE

---

[1] Fifth Circuit decisions issued prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. See Bonner v. Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).